**UNITED STATES of America,
Appellant,**

v.

**Mitchell Bernard LITMAN, Appellee.**

**No. 81–5125.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 5, 1983.
Decided July 10, 1984.

James P. Ulwick, Asst. U.S. Atty., Baltimore, Md. (J. Frederick Motz, U.S. Atty., Stephen J. Immelt, Asst. U.S. Atty., Baltimore, Md., on brief), for appellant.

Arthur I. Messinger, Annapolis, Md. (Selig Solomon, Solomon & Messinger, Annapolis, Md., on brief), for appellee.

Before WINTER, Chief Judge, RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE, ERVIN and CHAPMAN, Circuit Judges, sitting en banc.

WIDENER, Circuit Judge:

In January 1981, the defendant Litman was arrested and later indicted for conspiracy to distribute cocaine and possession of cocaine with intent to distribute. The defendant moved to suppress evidence discovered in the search of a shoulderbag that he was carrying when he was arrested. The district court granted the defendant's motion, and the government appeals. We reverse.

On the morning of January 16, 1981, an undercover agent of the Drug Enforcement Administration arranged through an intermediary to buy five ounces of cocaine from the defendant. The agent was told that at 1:00 p.m. the defendant would arrive at a certain hotel room with the cocaine. Three other agents went to the hotel room to await the defendant's arrival. At about 1:40 p.m. there was a knock on the door, and the agents admitted the defendant. The defendant, who was carrying a shoulderbag and a shopping bag containing a visible set of scales such as those used in narcotics transactions, immediately was placed under arrest. He was told to drop both bags and place his hands against the wall. Two of the agents pointed their pistols at the defendant while the third frisked him. Following the frisk, one of the agents holstered his pistol and searched both bags. Cocaine was found in the shoulderbag, and the scales, of course, were in the shopping bag.

Although the agents did not have a warrant to search the shoulderbag, the government asserts that the search was valid as a search incident to arrest.[1] The district court found that during the arrest the shoulderbag was within the defendant's reach. Nevertheless, the court held that the warrantless search could not be justified as a search incident to arrest because, at the time of the search, the bag was within the agent's exclusive control. Citing the Supreme Court's decision in *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), the court reasoned that, once the bag was in the agent's exclusive control, no exigency existed to justify the warrantless search.[2] At the time the district court rendered its opinion, the circuits were divided as to the scope of the exception to the warrant requirement for a search incident to arrest. *Compare United States v. Garcia*, 605 F.2d 349 (7th Cir.1979) (suitcase carried by arrestee subject to search), *cert. denied*, 446 U.S. 984, 100 S.Ct. 2966, 64 L.Ed.2d 841 (1980), *with United States v. Benson*, 631 F.2d 1336 (8th Cir.1980) (tote bag carried by arrestee not subject to search), *vacated and remanded for further consideration in light of New York v. Belton*, 453 U.S. 918, 101 S.Ct. 3153, 69 L.Ed.2d 1001 (1981). Some of that division, however, has been resolved by the decision in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), which was handed down following the suppression ruling appealed from here. The defendant in *Belton* was a passenger in a car that was pulled over for speeding. The policeman smelled marijuana in the car, and consequently he told the four occupants to get out of the car, and placed them under arrest. After separating the occupants and reading them *Miranda* warnings, he searched the car's passenger compartment. In the back seat the officer found a jacket belonging to the defendant, and upon searching the jacket found cocaine in one of the pockets.

The Court held that the warrantless search of the jacket was valid as a search incident to arrest.[3] 453 U.S. at 462–63, 101

---

1. The defendant does not dispute that his arrest was lawful.

2. The court did not suppress the scales in the shopping bag, they being in plain view.

3. The Court emphasized that its holding was not based on the automobile exception to the warrant requirement of the Fourth Amendment. 453 U.S. at 462 n. 6, 101 S.Ct. at 2865 n. 6. *See generally Chambers v. Maroney*, 399 U.S. 42, 90

S.Ct. at 2865–66. It reasoned that articles within an automobile's passenger compartment are within the area into which a passenger might reach to seize a weapon or item of evidence. Therefore, a warrantless search of such articles conducted contemporaneously with the arrest of the automobile's passengers is valid under the standards set forth in *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). In order to make a rule easily understood the Court held that when there has been a lawful custodial arrest of an occupant of an automobile, the officer making the arrest may, contemporaneously with the arrest, search the passenger compartment thereof, including containers found in it. *Id.* 453 U.S. at 460, 101 S.Ct. at 2864.

As did the district court in the instant case, the New York Court of Appeals relied on *United States v. Chadwick* to invalidate the warrantless search of the jacket. The Supreme Court said, however, that *Chadwick* did not apply because the search in *Chadwick* did not occur contemporaneously with or at the place of the arrest. 453 U.S. at 461–62, 101 S.Ct. at 2864–65. Further, it expressly rejected the argument that an article seized by an officer incident to an arrest cannot be subjected to a warrantless search because that article has been brought within the officer's exclusive control. *Id.* at 461 n. 5, 101 S.Ct. at 2865 n. 5. The Court pointed out that "under this fallacious theory no search or seizure incident to a lawful custodial arrest would ever be valid; by seizing an article even on the arrestee's person, an officer may be said to have reduced that article to his 'exclusive control.'" *Id.*

We conclude that the holding in *Belton* controls our decision in this case. The seizure of the shoulderbag was contemporaneous with the defendant's arrest and frisk and search followed instantly. *See Belton,* 453 U.S. at 460, 101 S.Ct. at 2864. Moreover, when the defendant dropped the bag as ordered, it was clearly within the area in which the defendant might have reached to grab a weapon or item of ·evidence.[4] *See id.; Chimel v. California,* 395 U.S. at 763, 89 S.Ct. at 2040. Our analysis, therefore, need go no further, and we hold that the warrantless search of the shoulderbag was a search incident to a lawful custodial arrest and thus did not violate the fourth amendment.

Accordingly, the suppression order of the district court appealed from is

REVERSED.

MURNAGHAN, Circuit Judge, concurring:

While I do not dissent from the holding, my essentially contemporaneous dissent in *United States v. Porter,* 738 F.2d 622, demonstrates why the rationale of the majority, deriving as it does from what I regard as an unsound reading of *United States v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), does not command my support. Therefore, I concur specially to make clear my differences.

My reasons for doing so are the perceived exigencies evident here which were so indisputably lacking in *Porter.* The place of meeting between Litman and law enforcement officers was neutral ground, with the selection of which Litman appears to have had as much to do as those he was to meet. Porter, on the other hand, had accompanied her questioner to an airport police station.

Litman's bags were first viewed and rendered available for search at the moment of meeting, which coincided with arrest. Porter, on the other hand, was for a substan-

S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

4. At the suppression hearing, two of the arresting agents testified that the bag was ten to twelve inches from the defendant's left foot. The defendant, on the other hand, claimed that the bag was three to four feet from his foot. As previously noted, however, the district court found that, under either version of the facts, the bag was within the defendant's reach, and was certainly at least as accessible to this defendant as was the jacket in *Belton* to the defendant there.

tial time previously in the company of the arresting officer, who had, by earlier consensual[1] search, satisfied himself that the threat of weapons did not exist. He also had never surrendered control of the bag in which cocaine was secreted, so far as the record demonstrates, following the consensual search, so any risk that Porter might destroy evidence had evaporated.

It is on those grounds, and not because of some supposed, but in my judgment non-existent doctrine excusing application of heretofore applicable Fourth Amendment principles, that I conclude that the warrantless search of Litman's bags was justified by exigency.

HARRISON L. WINTER, Chief Judge, authorizes me to say that he concurs in this opinion.

---

1. It does not appear to be seriously contested that arrest put an end to any continuing nature

of the consent to search Porter's bag.