UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph V. HERRERA,
Defendant-Appellant.

No. 86–1677.

United States Court of Appeals,
Tenth Circuit.

Feb. 6, 1987.

Alonzo J. Padilla, Albuquerque, N.M., for defendant-appellant.

William L. Lutz, U.S. Atty., James D. Tierney, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

Before BARRETT, SETH and TACHA, Circuit Judges.

PER CURIAM.

The defendant, an employee of a post office, was charged with theft of mail and receipt of stolen mail matter under 18 U.S.C. § 1708. The jury found defendant guilty and this appeal was taken.

There was a pretrial hearing on defendant's motions to suppress evidence and statements. The trial court denied the motions. This appeal concerns basically the denial of the motion to suppress evidence. This is not a car or a home search.

The record shows that two postal inspectors went to the particular post office because there had been a loss of a large number of letters which contained food stamps. The inspectors introduced into the mail at the post office a real letter containing food stamps which also contained a device whereby the inspectors could follow the letter electronically within the post office. They also used the rooms, walkways and windows constructed in the post office for their use to watch the action of the employees without being seen themselves. They were able to follow the movement of the test letter the entire day visually from short distances with binoculars and with the electronic tracking device. There is no real challenge to the fact that the letter was so continuously traced into defendant's possession in the post office, into a briefcase of defendant which he took out of the building into the parking lot.

The central issue in this case concerns the denial of defendant's motion to suppress letters contained in a briefcase taken from defendant's possession at or about the time he was arrested. We have applied the clearly erroneous rule to these determinations by the trial courts. *United States v. Cooper*, 733 F.2d 1360 (10th Cir.1984); *United States v. Miles*, 449 F.2d 1272 (10th Cir.1971).

In the application of this standard of review we consider the entire record including the hearing on the motion to suppress

and the trial record and transcript. *United States v. Smith*, 527 F.2d 692 (10th Cir.).

The basic issues are whether the arrest of defendant was lawful and whether the search and seizure were incident to such an arrest.

The defendant urges also that at trial several witnesses were not permitted to testify. We however find this point to be without merit as the testimony sought to be produced, if there was a valid proffer, was obviously cumulative.

The inspectors by continuous surveillance had thus seen and followed the entire sequence of events which constituted the crime charged. They saw defendant pick up the letter from a desk at the post office, take possession of it, put it in the briefcase, take the case out of the post office building into the parking lot and walk towards his car. They there approached the defendant, took the briefcase from him and asked him to return to the building with them.

As mentioned, an inspector took the briefcase from the defendant when they stopped him in the parking lot. The officers at that time knew without doubt that the test letter was in the case as they had visually and electronically traced it continuously. When the inspectors and defendant entered an office in the building from the parking lot the testimony is not altogether clear as to who removed the contents of the briefcase, the defendant or an inspector, or whether there was some consent to the search, but it really makes no difference. The contents were dumped out on a table and among defendant's papers were the test letter and another letter addressed to Eddie Gomez also containing food stamps. Without question the letters did not belong to the defendant.

The trial court concluded that it was not necessary to decide the consent issue because the seizure of evidence, in any event, was incident to a lawful arrest. We agree. The trial court observed that the briefcase could have been opened in the parking lot and it makes no difference that it was opened a few minutes later in the building.

All testified that defendant sorted out the letters and papers that were in the case. It is difficult to see how there could be a search and seizure during the course of a lawful arrest if a scenario such as this is not upheld. The Supreme Court so observed in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). It would seem to make no difference whether the defendant or the inspector carried the briefcase the short distance into the building and that is really the distinction sought to be made by defendant. The custody and the arrest were completed in the office. Defendant was there told he had something which belonged to the post office and was confronted with the test letter. The arrest was lawful.

The inspectors also asked the defendant, after the briefcase was opened, to remove whatever he had in the pockets of his clothing. This he did and there was at least one empty envelope addressed to Alice Elkins which had contained food stamps. We find no error in the refusal to suppress this evidence. *United States v. Edwards*, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974); *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

We have emphasized the unchallenged continuity of the surveillance by the inspectors of the test letter. Thus, without question, the letter was in the briefcase defendant was carrying in the parking lot when he was stopped. It is as if defendant had the letter in his hand. There was no search to find the letter.

The Supreme Court in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), and *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), has described the scope of warrantless searches incident to lawful arrests as to time, place and control of the container searched, this as to searches of cars and of "luggage" accompanying travelers.

We have considered searches of wallets. *United States v. Gardner*, 480 F.2d 929

(10th Cir.1973), and *United States v. Simpson,* 453 F.2d 1028 (10th Cir.1972). In *United States v. Long,* 705 F.2d 1259 (10th Cir.1983), we upheld the seizure of a partly open purse next to a passenger in a car and in which checks and letters, evidence of crime, could be seen. *See also United States v. Patterson,* 447 F.2d 424 (10th Cir.1971).

We do not consider this appeal to involve the holding of the Court in *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), where the footlocker searched was "not immediately associated" with the person arrested.

We must conclude that seizure of the test letter was part of a valid arrest, and was well within the time, control and place constraints of the authorities as was the food stamp letter addressed to Mr. Gomez.

AFFIRMED.