14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lamont HARRIS, Defendant-Appellant.
 No. 93-5017.
 United States Court of Appeals,
Fourth Circuit.
 Argued: Oct. 28, 1993.
Decided: Dec. 10, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia at Charleston.
 Edward Henry Weis, Assistant Federal Public Defender, for Appellant.
 John Kirk Brandfass, Assistant United States Attorney, for Appellee.
 Hunt L. Charach, Federal Public Defender, Leonard Kaplan, Assistant Federal Public Defender, for Appellant.
 Michael W. Carey, United States Attorney, for Appellee.
 S.D.W.Va.
 AFFIRMED
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 OPINION
 I.
 
 1
 Lamont Van Harris appeals his conviction for possession with intent to distribute crack cocaine under 21 U.S.C.Sec. 841(a)(1) and for use of a firearm in relation to the commission of a drug trafficking crime under 18 U.S.C. Sec. 924(c)(1). Among other issues, Harris contends the police executed the arrest warrant and searched his bedroom in violation of his Fourth Amendment rights, and that statements made to the police violated his Sixth Amendment rights. We affirm.
 
 II.
 
 2
 On August 29 and September 4, 1991, the police, through a confidential informant, purchased cocaine base from Harris, who at the time was a juvenile. On March 31, 1992, a state magistrate issued an "adult" warrant for Harris alleging that he unlawfully distributed and possessed crack cocaine. Trooper Bruce Adkins claimed that an informant had told him that Harris was nineteen years old and that he did not know Harris was a juvenile until the day of the arrest. Two other arresting officers corroborated Trooper Adkins' testimony.
 
 
 3
 On May 22, 1992 Trooper Adkins, Detectives Timothy Tucker and William Hart and Special Agent James Sullivan of the Bureau of Alcohol, Tobacco and Firearms ("ATF") executed the warrant against Harris at his home. Harris' mother admitted the officers and told them Harris was in the bedroom. When the officers announced their presence and entered the bedroom, Harris, lying on the bed, reached his hand down along the side of the mattress. The officers pulled Harris off the bed, cuffed him, read his Miranda rights and, after he consented, searched the bedroom.
 
 
 4
 The officers found a package of marijuana lying in plain view on the bed, a .22 caliber handgun under the mattress and sixty-one vials of cocaine base in a TV stand. On May 23, 1992, the state filed the possession charge against Harris and the state public defender appointed an attorney to represent him.
 
 
 5
 On May 27, 1992, Officer Hart, working with an Assistant United States Attorney, prepared a federal criminal complaint that charged Harris with the crimes at issue in this appeal. On June 1, 1992, the state dismissed the state charges. On the same day, Officer Hart, along with other federal agents, went to the state magistrate court, where Harris was waiting with his mother for a preliminary hearing on the state charges, and arrested Harris pursuant to the federal arrest warrant.
 
 
 6
 At the time of the federal arrest, Harris was unaware of the dismissal of the state charges and the issuance of the federal warrant. Harris and his mother testified that when informed of the federal charges he asked for his attorney. Before his attorney arrived he was removed from the premises.
 
 
 7
 After processing Harris on the federal charges, Agent Sullivan advised Harris of his Miranda rights and Harris signed a waiver. During questioning by Agent Sullivan, Harris admitted that the crack cocaine had been "fronted" to him and that he had kept the firearm for his protection. When asked to identify the source of his crack cocaine, Harris asked for a lawyer and the interrogation ceased.
 
 
 8
 After the Federal Public Defender's office was appointed to represent Harris, a motion was filed to suppress the crack cocaine and the gun as fruits of a defective search warrant, and to suppress the statement made to Agent Sullivan. The district court denied the motion.
 
 
 9
 After the trial, Harris claimed that because his appointed counsel refused to allow him to testify, he received ineffective assistance of counsel. The district court questioned him about this allegation and advised Harris that if he wanted new counsel appointed for post-trial motions, the court would honor his request. Harris stated that he preferred to retain his appointed federal public defender.
 
 III.
 
 10
 First, Harris contends the court should have suppressed the crack cocaine and the gun because the state warrant was executed in bad faith when the officers knew he was a juvenile before his arrest. Suppression of evidence is appropriate if the judge in issuing the warrant was misled by information that the affiant knew was false or would have known was false except for his reckless disregard of the truth. United States v. Leon, 468 U.S. 897, 922-3 (1984); see United States v. Anderson, 851 F.2d 727 (4th Cir.1988), cert. denied, 488 U.S. 1031 (1989). Harris presented no evidence to show that the officers acted in bad faith. Certainly, the magistrate's technical mistake regarding Harris' age did not invalidate the warrant. See Massachusetts v. Sheppard, 468 U.S. 981, 990-1 (1984).
 
 
 11
 Harris also asserts that the state arrest warrants were facially invalid as "bare bones" warrants. An affidavit in support of a warrant application must provide the magistrate with a substantial basis for determining the existence of probable cause. Illinois v. Gates, 462 U.S. 213, 239 (1983); accord United States v. Toler, 901 F.2d 399, 401 (4th Cir.1990). The complaints provided the magistrate with information about the undercover investigation during which a confidential informant purchased crack cocaine from Harris on two separate occasions. Thus, the evidence was sufficient to support the issuance of the state arrest warrants.
 
 
 12
 Second, Harris contends that the search of his bedroom was unlawful under the Fourth Amendment and that the evidence obtained in the search should be suppressed. Upon arrests, officers are permitted to search areas from which an attack could immediately be launched. Maryland v. Buie, 494 U.S. 325, 334 (1990); see United States v. Litman, 739 F.2d 137, 139 (4th Cir.1984). The arresting officers testified that when they entered Harris' room his hand moved toward the mattress. Thus, the search of the mattress as well as the TV stand, which was no more than six to eight feet from Harris, was a valid search incident to a lawful arrest. Indeed, the officers also testified that when they requested permission to search the bedroom Harris consented. Harris' denial of this consent does not amount to a basis for holding that the district court made a clearly erroneous ruling in not suppressing the evidence. See Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973).
 
 
 13
 Finally, Harris contends his Sixth Amendment right to counsel had attached before his federal arrest and during the subsequent interrogation. "[T]he Sixth Amendment right attaches only 'at or after the initiation of adversary judicial criminal proceedings--whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.' " United States v. Payne, 954 F.2d 199, 203 (4th Cir.1992), cert. denied, 112 S.Ct. 1680 (1992), quoting Kirby v. Illinois, 406 U.S. 682, 689 (1972). The Sixth Amendment right"is offensespecific. It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced." Payne, 954 F.2d at 204, quoting McNeil v. Wisconsin, 111 S.Ct. 2204, 2207 (1991).
 
 
 14
 At the time of Harris' exculpatory statement, the state charges had been dismissed and there had been no adversary judicial proceedings against Harris in connection with the federal charges. Harris' Sixth Amendment right had not attached and, therefore, his argument is without merit.
 
 
 15
 Our review of Harris' other assignments of error discloses that they are without merit.
 
 AFFIRMED