72 F.3d 128
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick Deonne CLEMONS, Defendant-Appellant.
 No. 95-5162.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Oct. 3, 1995.
Decided Dec. 11, 1995.
 
 Harry J. Trainor, Jr., GREENAN, WALKER, TRAINOR & BILLMAN, Landover, Maryland, for Appellant.
 Lynne A. Battaglia, United States Attorney, John F. Purcell, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 Before WILKINSON, WILKINS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Patrick Deonne Clemons entered a conditional plea of guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a) (1988), reserving his right to appeal the district court's denial of his motion to suppress evidence. After the district court imposed sentence, Clemons timely noted his appeal. Finding no error in the district court's denial of his motion to suppress the evidence, we affirm.
 
 
 2
 On the morning of September 18, 1994, Special Agent Marcinko of the Drug Enforcement Administration ("DEA") received information from police officers in Phoenix, Arizona, about a suitcase that was checked aboard America West Flight 192 bound for the Baltimore-Washington International Airport ("BWI"). A black male, approximately six-foot one inch in height, aged 25-30, wearing a dark suit and a white shirt, checked this suitcase and also checked a bag onto the flight bound for National Airport in Washington, D.C. Both bags were checked aboard their respective flights at the last minute. The Phoenix police retrieved the suitcase bound for National Airport and x-rayed it, finding six individually-wrapped square packages. An exterior canine inspection of that bag resulted in a positive alert for controlled substances.[1]
 
 
 3
 The suitcase checked onto Flight 192 to Baltimore was described as a black, soft-sided bag of tweed-like material with two black straps wrapped around the bag, bearing a luggage tag in the name of Carrisse Thompson. Based upon the manner of check-in and the x-ray and canine search results of the other bag checked by the same person, the suitcase bound for Baltimore was believed to contain controlled substances.
 
 
 4
 Based upon this information, several DEA agents and Maryland State Police officers arranged to meet Flight 192 and observe the arrival of the black suitcase. When the flight arrived, agents located the suitcase bearing a luggage tag in the name of Carrisse Thompson and subjected the bag to an exterior canine inspection. The dog gave a positive alert to the suitcase, indicating the presence of controlled substances.
 
 
 5
 The agents then placed the suitcase on the baggage carousel for Flight 192 and observed Clemons pick up the suitcase. Clemons and the suitcase matched the descriptions provided by the Phoenix police. Officers observed Clemons look around before picking up the bag and walking toward the exit. Clemons walked past DEA Agent Hladun and Officer Price, both of whom were in plainclothes. Before Clemons exited the terminal, Agent Hladun approached him from behind, displayed his badge in his outstretched hand, and stated, "Excuse me sir, I work here at the airport. I'm with the DEA." Clemons turned and looked over his shoulder at Agent Hladun. He appeared to look directly at Hladun's DEA badge, which was at eye-level, no more than two feet from Clemons. Upon seeing the badge, Clemons dropped his bags and ran out of the airport. He ran past the sidewalk, past the taxi area and the passenger pick-up area, across the street--evading a taxicab which tried to block his flight--and into the parking garage. Three officers followed, identifying themselves and ordering Clemons to stop. Clemons continued running until Officer Price called "Stop or I'll shoot." Although Price was unarmed, Clemons stopped in the far corner of the ground level of the parking garage, approximately 300 yards from the place in the terminal where he dropped his bags. Price handcuffed Clemons and advised Clemons of his Miranda[2] rights, then the three officers escorted Clemons to the DEA office in the airport terminal, about a two or three minute walk. The officers placed Clemons, still handcuffed, into a chair in the DEA office.
 
 
 6
 Two agents who had not joined in the pursuit retrieved Clemons's luggage immediately after he dropped it. These agents took the luggage to the DEA office and arrived at about the same time as the officers returned with Clemons. They placed the suitcase on a desk in the center of the room, about six to ten feet from Clemons. Agent Marcinko opened the suitcase and found it to contain twelve kilograms of cocaine wrapped in plastic. The officers also opened the briefcase and found several items of identification in the name of Carrisse Thompson, the alias used by Clemons.
 
 
 7
 At the conclusion of the testimony, the district court denied Clemons's motion to suppress the fruits of the seizure and search, finding that because probable cause existed to arrest Clemons, the search of the suitcase was permissible as a search incident to arrest, and also, by dropping his bags and running, Clemons manifested his intent to abandon the bags, forfeiting any expectation of privacy in their contents.
 
 
 8
 Clemons first challenges the district court's finding that the search of the luggage was valid as incident to his arrest, arguing that he was not in possession of the luggage when he was arrested and that the search occurred after he was arrested and escorted to the DEA office. He also contends that the warrantless search was invalid because he was secured at the time of the search and could not reach the suitcase to destroy evidence or obtain a weapon.
 
 
 9
 A search incident to a lawful arrest is an established exception to the warrant requirement. United States v. Robinson, 414 U.S. 218, 224 (1973). Such a search may include the person of the defendant and any containers seized at the time of the arrest. New York v. Belton, 453 U.S. 454, 461 (1981). Although a search incident to arrest must be contemporaneous with the arrest, searches of containers have been held to be contemporaneous when the defendant and the container have been separated and moved to another location. See United States v. Johns, 469 U.S. 478, 486-88 (1985); United States v. McEachern, 675 F.2d 618, 622 (4th Cir.1982) (citing United States v. Edwards, 415 U.S. 800, 803 (1978)); see also United States v. Miller, 925 F.2d 695, 698 (4th Cir.) (search prior to arrest held incident to arrest where closely related in time and there existed probable cause to arrest), cert. denied, 502 U.S. 833 (1991).
 
 
 10
 Although Clemons's arrest occurred at a point other than where he left his bags when he fled from the officers, Clemons was taken to the DEA office, where, two or three minutes after his arrest, the search of the suitcase was conducted. We find that the search was closely related in time to the arrest, Miller, 925 F.2d at 698, and therefore was incident to arrest. See United States v. Aguiar, 825 F.2d 39, 41 (4th Cir.) (search of luggage after arrest and transport to DEA office is incident to arrest), cert. denied, 484 U.S. 987 (1987); United States v. Porter, 738 F.2d 622, 627, n. 4 (4th Cir.) (same), cert. denied, 469 U.S. 983 (1984).
 
 
 11
 Clemons's contention that the warrantless search was invalid because at the time of the search, he was handcuffed and the luggage was in the exclusive control of the officers, is without merit. Belton, 453 U.S. at 461-62 n. 5 (noting that such a limitation on the scope of search incident to arrest would invalidate all searches incident to arrest. "[B]y seizing an article even on the arrestee's person, an officer may be said to have reduced that article to his exclusive control."); see United States v. Litman, 739 F.2d 137, 138-39 (4th Cir.1984) (search of shoulder bag incident to arrest although suspect secured and held against wall at gunpoint). There is also no merit to Clemons's argument that the luggage could not be searched incident to arrest because the suitcase was locked. See United States v. Tavolacci, 895 F.2d 1423, 1428 (D.C.Cir.1990).
 
 
 12
 Clemons also challenges the district court's alternative finding that Clemons, by dropping his bags and running when approached by the DEA agent, manifested his intent to abandon the bags, forfeiting any expectation of privacy in their contents. Clemons argues that the bags were not abandoned because he retained a key to the locked suitcase, the suitcase's claim tag bore a name that he frequently used, and the suitcase was seized only seconds after he dropped it.
 
 
 13
 There is no reasonable expectation of privacy in containers or contraband dropped or abandoned by a suspect fleeing from law enforcement officials. California v. Hodari D., 499 U.S. 621, 629 (1991). Nor is there anything "unlawful in the Government's appropriation of [ ] abandoned property." Abel v. United States, 362 U.S. 217, 241 (1960) (citing Hester v. United States, 265 U.S. 57, 58 (1924)). Whether a suspect intends to abandon his expectation of privacy in an item is to be determined by objective standards, considering the suspect's words and actions and the surrounding circumstances. United States v. Jones, 707 F.2d 1169, 1172 (10th Cir.) (quoting United States v. Kendall, 655 F.2d 199, 201 (9th Cir.1981), cert. denied, 455 U.S. 941 (1982)), cert. denied, 464 U.S. 859 (1983).
 
 
 14
 The district court found that when DEA Agent Hladun approached him, Clemons dropped his bags--including the suitcase which the officers had probable cause to believe contained cocaine--and ran "at top speed to avoid arrest." The luggage was left in a public place where it could be picked up and carried off by anyone. Clemons's possession of a key to unlock the suitcase and the claim tag bearing a name used by Clemons do not negate the district court's finding that Clemons abandoned the bag. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992). We agree with the district court that in light of the circumstances, Clemons's act of running away from the officers and from the bag containing cocaine manifested his intent to abandon the luggage with no intent to return to claim it. See United States v. Jones, 973 F.2d 928, 931 (D.C.Cir.1992), cert. denied, 62 U.S.L.W. 3453 (U.S.1994); United States v. Lehder-Rivas, 955 F.2d 1510, 1521 (11th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992).
 
 
 15
 In conclusion, we affirm the district court's order denying Clemons's motion to suppress evidence and uphold Clemons's judgment and commitment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 A subsequent search of the suitcase revealed that the packages contained cocaine. The bag bound for Baltimore was not subjected to either x-ray examination or a canine search prior to its transportation to BWI Airport in Baltimore
 
 
 [2]
 Miranda v. Arizona, 384 U.S. 436 (1966)